IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PROSPER KORKU TOGBE, JR.**, | : | Civil Action No. 1:12-cv-2409 |
| Petitioner, | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **ATTORNEY GENERAL OF THE UNITED STATES**, | : | |
| | : | |
| Respondent | : | |

# MEMORANDUM

Prosper Korku Togbe ("Togbe"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Lords Valley, Pennsylvania, filed the instant emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 3, 2012 (Doc. 1) and request for leave to file *in forma pauperis* (Doc. 2). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## I. Background

Togbe, a native of Liberia, entered the United States seeking asylum on or about April 18, 2005. Since entering the United States, Togbe resided in Drexel Hill, Pennsylvania. Togbe was convicted of theft by unlawful taking, and on January 5, 2011, was sentenced to one and a half years to three years of probation,

to be served at his residence. (Doc. 1). On September 12, 2012,[1] Togbe was released to the custody of Immigration and Customs Enforcement ("ICE"). On May 21, 2012, following a hearing, Togbe was found to be removable and an order of deportation was issued. Togbe waived his right to appeal and the order of removal became final. (Id.) Togbe filed the instant motion pursuant to 28 U.S.C. § 2241, challenging his continued detention.

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United

---

[1] Togbe's motion lists this date as September 12, 2013, but the court will interpret this as a typographical error and construe the date as September 12, 2012.

2

States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for three months, or refer the alien to the HQPDU or HQCMU[2] for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU or HQCMU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably

---

[2] The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU"). See Tung Thanh Hoang v. Decker, Civil No. 3-CV-08-1748, 2008 WL 4793734, *3 (M.D.Pa. Oct. 31, 2008) (Vanaskie, J.).

3

foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on May 21, 2012, the date Togbe's removal order became administratively final. The six month period has only recently expired, and Togbe has not stated whether he has been served with a written decision ordering his continued detention, or whether he has filed a written request for release with the HQCMU. Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      December 3, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PROSPER KORKU TOGBE, JR.**, | : | Civil Action No. 1:12-cv-2409 |
|     Petitioner, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **UNITED STATES**, | : | |
|     Respondent | : | |

## **ORDER**

AND NOW, this 3rd day of December, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1) and request for leave to file *in forma pauperis*, it is hereby ORDERED that:

1. The motion to proceed *in forma pauperis* (Doc. 3) is GRANTED.

2. The petition for writ of habeas corpus is DENIED.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. § 241.13. ICE shall provide petitioner with a response to his request within thirty days.

4. The Clerk of Court is directed to CLOSE this case.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge